UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. 2:23-cv-10418-JLS-SSC | Date: February 29, 2024 |
|---|---|
| Title: Ahamed Hossein v. Zachary Ryan Cantor, et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. 12)**

Before the Court is a motion to remand filed by Plaintiff Ahamed Hossein.  (Mot., Doc. 12.)  Defendants opposed and Plaintiff responded.  (Opp., Doc. 14; Reply, Doc. 17.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for Friday, March 1, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS the motion.

Hossein initiated this action against Defendants Zachary Ryan Cantor ("Cantor") and Christine Cantor in Los Angeles County Superior Court on August 8, 2023.  (*See* Compl., Doc. 1-1.)  Hossein brings claims for negligence after a car accident in which his vehicle was struck by Defendants' vehicle; Cantor was the driver at the time and Christine Cantor is the vehicle's owner and named insured.  (*Id.* ¶¶ 11, 13, 17.)  Hossein alleges that Cantor is a citizen of California and Christine Cantor is a citizen of New Jersey.  (*Id.* ¶¶ 3, 4.)  On December 12, 2023, Defendants removed the action to federal court, invoking diversity jurisdiction and submitting evidence to show that Cantor is a citizen of New Jersey, meaning there is complete diversity between the parties.  (*See* Notice of Removal ("NOR") ¶ 17, Doc. 1.)  Hossein filed the present motion, arguing that Defendants' evidence does not establish that Cantor is a citizen of New Jersey.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10418-JLS-SSC                                                       Date: February 29, 2024
Title:  Ahamed Hossein v. Zachary Ryan Cantor, et al.

## I.  LEGAL STANDARD

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## II.  ANALYSIS

Here, the only question is whether Defendants have provided sufficient evidence to establish that Cantor is a citizen of New Jersey, rather than California.  "[A] natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).  Domicile requires both physical residence in a state and intent to remain there permanently *or indefinitely*.  *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *Lew*, 797 F.2d at 749–50

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10418-JLS-SSC                                                         Date: February 29, 2024
Title:  Ahamed Hossein v. Zachary Ryan Cantor, et al.

(quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).  "[T]he party asserting diversity jurisdiction bears the burden of proof." *Kanter*, 265 F.3d at 857–58.

As noted in *Lew*, "courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes."  797 F.2d at 750.  "The courts have also stated that domicile is evaluated in terms of 'objective facts,' and that 'statements of intent are entitled to little weight when in conflict with facts.'" *Id.* (citation omitted).

In support of his claim of New Jersey citizenship, Cantor submits a declaration.  He alleges that he was born in New Jersey and lived there for most of his life.  He came to California to attend the Los Angeles Recording School with the goal of becoming a music engineer.  He graduated in August 2022 and has remained in California since graduation, "building up [his] music engineer career" before returning to New Jersey.  He currently works in California as a music engineer and as a bartender.  He also attended bartending school in California.  He claims to return to New Jersey "as much as [he] can," and visits about three times per year. (Cantor Decl. ¶¶ 5–8, Doc. 14-2.)  He obtained a California driver's license in November 2020, but he alleges that he lost that license and uses a New Jersey license instead.  (*Id.* ¶ 13.)  He also maintains a Chase bank account in New Jersey.  (*Id.* ¶ 10.)

Cantor's evidence is insufficient to show that he is a citizen of New Jersey.  His residence, place of employment, and driver's license all support the fact that he is domiciled in California.  The fact that he lost his California driver's license does not alter the fact that he has a current license in this state.  And because Cantor is residing and working in California, he must be paying California taxes.  *See* Cal. Rev. & Tax Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:23-cv-10418-JLS-SSC            Date: February 29, 2024
Title: Ahamed Hossein v. Zachary Ryan Cantor, et al.

§ 17041(a)(1). The fact that he maintains a bank account in New Jersey is not enough to overcome these other factors. Cantor says that he does not own real property in California, is not a member of any California associations, and is not registered to vote in California. (*See* Cantor Decl. ¶¶ 9, 11, 12.) Though these facts may weigh against his domicile in California, they do nothing to establish a domicile *elsewhere* because he does not say where he votes, where he owns property, or what state associations he has joined.

       Finally, Cantor says that he plans to move back to New Jersey "in the near future." (*Id.* ¶ 14.) This assertion also bears little weight in the Court's analysis. "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicile, it is to be deemed his place of domicile, notwithstanding he may entertain a *floating intention to return at some future period*." *Gilbert v. David*, 235 U.S. 561, 569 (1915) (emphasis added) (cleaned up). Cantor's declaration establishes only a floating intention to return at some future period to New Jersey; Cantor does not offer any evidence of a genuine plan to relocate away from California at a *definite* time. Furthermore, Cantor's statements of intent conflict with the objective facts in this case, which show that he works, lives, and pays taxes in California and has a California driver's license.

       Because the evidence of domicile in California outweighs the evidence of domicile in New Jersey, the motion is GRANTED.

### III. CONCLUSION

       For the above reasons, the Court GRANTS Hossein's motion. The action, 23STCV18724, is REMANDED to the Los Angeles County Superior Court.

                                                             Initials of Deputy Clerk: cr